| | |
|---|---|
| TINA WHITE and<br>CARLOS ALLEN | : No. _____ D___ SEC. 27<br>:<br>: |
| Versus | : 19TH JUDICIAL DISTRICT COURT<br>:<br>: |
| NUMEROUS UNKNOWN AGENTS;<br>THE OFFICE OF THE SHERIFF OF<br>EAST BATON ROUGE;<br>DETECTIVE EARNEST MAJOR;<br>DETECTIVE ERIC JONES; | :<br>: PARISH OF EAST BATON ROUGE<br>:<br>:<br>: STATE OF LOUISIANA |

## PETITION FOR DAMAGES

The petition of CARLOS ALLEN and TINA WHITE, a person of legal age and a resident of East Baton Rouge Parish, respectfully represents:

1.

The following parties are made defendants herein:

A. **NUMEROUS UNKNOWN AGENTS** of either or all of the State of Louisiana, the Sheriff of East Baton Rouge, the Parish of East Baton Rouge, and/or the City of Baton Rouge, believed to be of the age of majority and domiciled in or about the Parish of East Baton Rouge, State of Louisiana;

B. **THE OFFICE OF THE SHERIFF OF EAST BATON ROUGE PARISH**, through the duly elected Sheriff, Sid J. Gautreau;

D. **DETECTIVE EARNEST MAJOR**, believed to be a person of the age of majority domiciled in or about the Parish of East Baton Rouge, State of Louisiana

E. **DETECTIVE ERIC JONES**, believed to be a person of the age of majority domiciled in or about the Parish of East Baton Rouge, State of Louisiana;

2.

On or about Thursday, January 10, 2008, at approximately 8:30 PM, Detective Earnest Major, Detective Eric Jones and numerous unknown law enforcement officers of the East Baton Rouge Sheriff's office, raided (hereinafter: the violent raid) the home of plaintiffs using explosives, violence, force of arms, fear, threats and physical attachment, all in violation of the Constitutions of the United States of America and of the State of Louisiana and in violation of the of the laws and peace of those two sovereigns.

3.

The violent raid was conducted in contravention of the Fourth Amendment to the United States Constitution.


EXHIBIT A

4.

The violent raid was conducted in contravention of the Constitution of the State of Louisiana, specifically - Article I, Section 1. Origin and Purpose of Government.

5.

The violent raid was conducted in contravention of the Constitution of the State of Louisiana, specifically - Article I, Section 2. Due Process of Law.

6.

The violent raid was conducted in contravention of the Constitution of the State of Louisiana, specifically - Article I, Section 3. Right to Individual Dignity.

7.

The violent raid was conducted in contravention of the Constitution of the State of Louisiana, specifically - Article I, Section 4. Right to Property.

8.

The violent raid was conducted in contravention of the Constitution of the State of Louisiana, specifically - Article I, Section 5. Right to Privacy.

9.

The violent raid was conducted in contravention of the Constitution of the State of Louisiana, specifically - Article I, Section 6. Freedom From Intrusion.

10.

The violent raid was conducted in contravention of the Constitution of the State of Louisiana, specifically - Article I, Section 13. Rights of the Accused.

11.

The violent raid was conducted in contravention of the Constitution of the State of Louisiana, specifically - Article I, Section 20. Right to Humane Treatment.

12.

The violent raid was conducted in contravention of the Constitution of the State of Louisiana, specifically - Article I, Section 25. Rights of a Victim.

13.

At all times material hereto, plaintiffs were lawful residents of the Parish of East Baton Rouge, residing at 10510 Stanley Aubin Ln, Apt. C. Baton Rouge, LA 70816.

14.

At the time violent raid was launched, plaintiff Tina White was pregnant and carrying twins. She was residing with her brother, plaintiff Carlos Allen at 10510 Stanley Aubin Ln, Apt. C, Baton Rouge, LA 70816.

15.

Plaintiffs were peacefully watching television and were violating no laws at or about the time violent raid was launched.

16.

Law enforcement agents chose to surprise plaintiffs rather than knocking on the door, identifying themselves peacefully and seeking peaceful admittance.

17.

Instead and in violation of the laws and Constitutions of the United States and the State of Louisiana, agents conducted the violent raid.

18.

The power and lights to petitioner's home were cut, casting them in immediate, unannounced darkness.

19.

An explosive device was thrown into the residence and detonated in their presence, with little or no regard for the consequences to the occupants, for them it became difficult to breath inside their home.

20.

On the heals of these tactics, fully armed agents then crashed their way into the residence, creating, and intending to create, such havoc, noise and chaos as to render petitioners unable to see or hear in any meaningful way.

21.

Deaf, and intending to be deaf, to the statements of your petitioners, the agents manhandled plaintiffs and physically restrained them, taking them into complete physical custodial control. Agents sought to provoke plaintiff Carlos Allen by kicks and taunts but he did not respond.

22.

Officers thereafter searched every part of the residence, large and small, taking little care to protect private property, to respect private property, and/or to avoid leaving their home in utter disarray.

23.

The violent raid caused both plaintiffs physical harm and emotional distress.

24.

The violent raid was the cause and the proximate causes of said physical harm and emotional distress.

25.

Detective Earnest Major, Detective Eric Jones and numerous unknown agents are liable to plaintiffs for their negligence and fault in the following non-exclusive respects.

A) Failing adequately to investigate;
B) Failing fully to tell any judge or judicial authority of the complete circumstances surrounding those living at plaintiffs' residence or plaintiff, Tina White's, pregnancy;
C) Failing properly to identify the time and location at which such a search should have been conducted;
D) Failing adequately to investigate the claims of any confidential information upon which agents purported to rely.
E) Failing adequately to investigate the credibility of any confidential information upon which agents purported to rely.
F) Failing adequately to investigate the circumstances so as to discover that the level of violence and force used in the violent raid was unreasonable.
G) Failing to limit the violent raid to such force only as was necessary for a home containing a man and his pregnant sister watching television.
H) Failing to realize their mistake and to realize and minimize the excessiveness of their force and destructiveness;
I) Failing to limit the violent raid to only those means and that force necessary to access a home containing a man and his pregnant sister watching television.
J) Using and detonating an explosive device without knowing whom or how it would affect occupants or that it was reasonably necessary;
K) Creating chaos and confusion unreasonably;
L) Using excessive bodily force;
M) Other acts and failures to act showing fault and negligence as will be established at trial.

26.

At all material times, Detective Earnest Major, Detective Eric Jones and numerous unknown agents were acting within the course and scope of their employment with The Sheriff of East Baton Rouge which said entity is liable in *respondeat superior* for the negligent and fault of their employees.

27.

Independently and additionally the Office of The Sheriff of East Baton Rouge is liable in his own right and was negligent and at fault in the following respects:

- A) Failing to adequately train, supervise and oversee its agents so as to avoid the acts and omissions described above in Paragraph 25 A-M, incorporated herein by reference;
- B) Failing to supervise and oversee said agents to reasonably assure they would adequately investigate;
- C) Providing explosives to agents not properly trained to know they were unnecessary to subdue a man and his pregnant sister watching television;
- D) Providing authority of law to agents not properly trained to know it was unnecessary to subdue with such force a man and his pregnant sister watching television;
- E) Such acts and failures to act as will be established at trial.

**WHEREFORE**, plaintiffs **TINA WHITE** and **CARLOS ALLEN**, pray that defendants, Detective Earnest Major, Detective Eric Jones and the Office of The Sheriff of East Baton Rouge be cited and ordered to appear and answer same and that, after due proceedings had, there be judgment rendered herein in favor of plaintiffs, **TINA WHITE** and **CARLOS ALLEN**, and against defendants,

- A. <u>**NUMEROUS UNKNOWN AGENTS**</u> of either or all of the State of Louisiana, the Sheriff of East Baton Rouge and/or the City Parish of East Baton Rouge, believed to be of the age of majority and domiciled in or about the Parish of East Baton Rogue, State of Louisiana;
- B. <u>**THE OFFICE OF THE SHERIFF OF EAST BATON ROUGE PARISH**</u>, through the duly elected Sheriff, Sid J. Gautreau;
- C. <u>**DETECTIVE EARNEST MAJOR**</u>, believed to be a person of the age of majority domiciled in or about the Parish of East Baton Rouge, State of Louisiana
- D. <u>**DETECTIVE ERIC JONES**</u>, believed to be a person of the age of majority domiciled in or about the Parish of East Baton Rouge, State of Louisiana;

Respectfully submitted,

deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE
618 Main Street
Baton Rouge, LA 70801
(225) 344-3735

_____
C. FRANK HOLTHAUS, #6976